1  Daniel Callaway #133237
2  818 N. Cleveland St.
   Oceanside, CA 92054
3  760-450-0520
4

5              UNITED STATES DISTRICT COURT
6
7          FOR THE CENTRAL DISTRICT OF CALIFORNIA
8
                                        Case Number:
9   Leilani Joseph, individually,       )
10  and as Guardian ad Litem for,       )    PLAINTIFFS' COMPLAINT
    Zane A. Joseph, Kona L. Joseph and  )    FOR DAMAGES
11  Nohea J. Joseph, Douglas Joseph,    )
    individually, Dayna Jader Dehlhey   )
12                Plaintiffs,           )
13                                      )
                                        )
14  v.                                  )
                                        )
15  County of Riverside, Sheriff Chad   )
16  Bianco, Lt. Misha Graves, Lt. J.    )
    Krachner, Sgt. Wambaugh, Bonnie     )
17  Carl, Arnesia Adewunmi, Andrew      )
    Pascoe, Does 1-20 inclusive,        )
18                                      )
19  Defendants                          )
    _____  __)
20
21
22           PLAINTIFFS' COMPLAINT FOR DAMAGES
23  1.   Plaintiffs bring this action against Defendants CHAD BIANCO,
24
     Sheriff for the County of Riverside, THE COUNTY OF RIVERSIDE
25
    (COUNTY) MISHA GRAVES (GRAVES), as an individual and Deputy Sheriff
26
    for the County of RIVERSIDE, LT. J. KRACHNER (KRACHNER) SGT.
27
28

WAMBAUGH (WAMBAUGH) as an individual and Deputy Sheriff for the County of Riverside, DEFENDANTS BONNIE CARL (CARL), ARNESIA ADEWUNMI, (ADEWUNMI) and ANDREW PASCOE (PASCOE) as medical care providers, agents/employees of the Riverside County Sheriff's Department and DOE defendants presently unknown to plaintiffs.   Plaintiff's seek compensatory and punitive damages for violations of their Fourth, Eighth and Fourteenth Amendment rights and violations of their rights under the laws of the State of California.

## JURISDICTION

2.   The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331 because this action is brought pursuant to 42 U.S.C. § 1983 and involves a federal question. The Court has personal jurisdiction over all Defendants pursuant to Cal. Code Civ. Proc. § 410.10, which permits jurisdiction over a person to the extent permitted by the United States Constitution, because each of them resides in the Central District of California. This Court has venue pursuant to 28 U.S.C. § 1391(b)(1)-(b)(2).   All applicable government claims form procedures have been followed in this matter, with a government claim filed by plaintiffs and rejected by defendants on Novmeber 21, 2019.

## I
## PARTIES

3.   Plaintiff Leilani Joseph is, and at all times relevant was, an individual and a resident of Murrieta, in the County of Riverside.  She is the mother and Guardian ad Litem for minor plaintiffs Zane, Kona and Nohea Joseph, who are all residents of Murrieta, in the County of Riverside and she was the spouse of decedent Devin Joseph.

4. Plaintiff Douglas Joseph is, and at all times relevant was, the father of decedent Devin Joseph.

5. Plaintiff Dayna Jader Delher is, and at all times relevant was, the mother of decedent Devin Joseph and financially dependent upon him.

6. Defendant County of Riverside is a municipal/governmental entity duly incorporated under the laws of the State of California.

7. Defendant County of Riverside Sheriff's Department is the duly authorized law enforcement agency entrusted with the medical care for inmates in the Riverside County Jail system.

8. Defendant Chad Bianco is the Sheriff for the County of Riverside, California. Upon information and belief, BIANCO, is, and at all times relevant was, the chief policymaker and decision maker for the Riverside County Sheriff's Department on all issues regarding proper police training for the Riverside County Sheriff's Department.

9. Defendant Misha Graves, is and at all relevant times was, an individual and, upon information and belief, a Deputy Sheriff with the Riverside County Sheriff's Department.

10. Defendant Lt. J. Krachner, is, and at all relevant times was, an individual and, upon information and belief, a Deputy Sheriff with the Riverside County Sheriff's Department.

11. Defendant Sgt. Wambaugh, is, and at all relevant times was, an individual and, upon information and belief, a Deputy Sheriff with the Riverside County Sheriff's Department.

12. Defendants Bonnie Carl, Arnesia Adewunmi and Andrew Pascoe are, and at

all relevant times were, individuals and, based upon information and belief, inmate medical care providers within and agents/employees of with the Riverside County Sheriff's Department.  As care providers they owed a duty to DEVIN JOSEPH to provide medical care to him in a manner consistent with the standard of due care for comptetent, non-negligent medical practicioners.

13.  Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES I through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

II

INTRODUCTION

14.  The County of Riverside, through the actions of the Board of Supervisors, the District Attorney's Office and the Sheriff's Department maintain a custom, policy and practice of violating the legal rights of inmates in the Riverside County Jail system by failing to provide adequate medical care to inmates in the custody of the Riverside County by failing to properly train and supervise deputies regarding the obligation of the deputies to provide adequate medical care to the inmates in the Riverside County Jail System and  by creating and allowing an enviroment in which deputies are encouraged and allowed to violated their oath to uphold the laws of the State of California, by creating and allowing and environment in which deputies are encouraged and allowed to violate the laws of the State of

California, by creating and allowing an environment in which inmate abuse, cruel and unusual punishment, covering up of illegal acts, are encouraged and allowed, by ratifying this illegal conduct of their deputies and by creating and allowing an environment in which deputies are encouraged and allowed to violate the rights of inmates in the Riverside County Jail system by failing to provide adequate medical treatment and by covering up and/or failing to invistigate acts of misconduct and illegal conspiratorial conduct by deputies to fail to provide adequate medical treatment to inmates in the Riverside County Jail system.

15. From on or about August 19, 2019 to October 6, 2019 claimants' husband and father, Devin Joseph was an inmate of the Riverside County Sheriff's Department, DOB 3/25/1990, booking # 2100931508. During this time, Devin Joseph required medical attention. When he submitted himself to custody, he was booked into custody with his medical records and medicine and Riverside County Sheriff's Department employees were ordered to take him for a medical evaluation by the Court. From that time, until October 6, 2019, Devin Joseph was denied adequate medical attention, subjected to physical abuse and denial of medical attention amounting to torture and died. Claimants make this claim for wrongful death, loss of consortium, loss of financial support, cruel and unusual punishment, intentional and negligent infliction of emotional distress and violation of rights under the Constitution of the United State and the Constitution of the State of California.

16. Claimants maintain that Devin Joseph was subjected to battery, intentional

denial of medical treatment, negligent denial of medical treatment, intentional failure to respond to requests for medical treatment, negligent and incomptent medical treatment by jail medical staff, intentional denial of access to communication with his family, intentional infliction of emotional distress, cruel and unusual punishment, inhumane treatment, torture and abuse, all leading ultimately to his homocide at the hands of the Riverside County Sheriff's Department's employees and/or agents. Claimants maintain that the employees and/or agents of the Riverside County Sheriff's Department conspired to intentionally deny Devin Joseph medical attention, leading to his death. Claimants maintain that at all times the employees and/or agents of the Riverside County Sheriff's Department acted intentionally and maliciously and in reckless disregard for the rights of Devin Joseph and that the Riverside County Sheriff's Department maintains a custom, policy and practice of violating inmates' rights by denying them adequate medical attention.

17. Plaintiffs contend that the employees and/or agents of the Riverside County Sheriff's Dept. were at all times aware that Devin Joseph required and had requested medical attention, but that they intentionally denied him medical attention and intentionally conspired to keep his condition hidden from his family and/or emergency contact, intentionally and illegally denied him access to visitation and phone calls to his family to hide his condition and what was being done to him.

18. Devin's Joseph's family hired attorney Callaway to have a professional visit with Devin Joseph at the Larry Smith Detention Facility. On September 18, 2019 attorney Callaway was informed by Riverside County Sheriff's Department deputy Saenz that

Devin Joseph was in a private hospital. Attorney Callaway so informed Devin Joseph's family. Devin Joseph's family determined that Devin Joseph had been moved to the Riverside University Health Care System Medical Center on September 7, 2019. On or about September 24, 2019 the Riverside Superior Court ordered Devin Joseph released from custody so that his family could be with him while he was in a coma at the Riverside University Health Care System Medical Center.

19. After Devin Joseph died on October 6, 2019, the Riverside County Sheriff's Department sent deputies to the Riverside University Health System Medical Center to tell Devin Joseph's family that his body was property of the Riverside County Sheriff's Department and that they were going to remove his body for an autopsy. The deputies falsely, illegally and intentionally informed Devin Joseph's family that it is the policy of the Riverside County Sheriff's Department that an individual in the hospital, after being released from custody, is the property of the Riverside County Sheriff's Department if the individual does not walk out of the hospital. Claimants further maintain that Riverside County, and the Riverside County Sheriff's Department maintain a custom, policy and practice of allowing misconduct in Riverside County Sheriff's Department Detention Facilities by, inter alia,:

1. Improper training of jail medical staff and Riverside County Sheriff's Department deputies to properly identify and assess inmate medical needs and/or conditions and to properly provide adequate medical attention and/or summon care.

2. Improper supervision of jail medical staff and Riverside County Sheriff's Department deputies regarding properly identifying and assessing inmate

medical needs and/or conditions;

3. Allowing intentional denial of adequate medical attention by jail medical staff and Riverside County Sheriff's Department deputies;

4. Intentionally covering up incidents of misconduct by the Riverside County Sheriff's Departmentin the mistreatment and abuse of inmates.

5. Intentionally covering up instances of negligence, denial of adequate medical coverage, medical negligence and/or inmate abuse by Riverside County Sheriff's Department Deputies and jail medical staff.

6. Fostering an environment where abuse of inmates is tacitly allowed and encouraged.

7. Negligently and intentionally failing to inform Devin Joseph's emergency contact that Devin Joseph was in critical medical condition, thereby prohibiting Devin Joseph's family from providing Devin Joseph with the adequate medical attention which would have saved his life.

8. Negligently and intentionally falsely informing Devin Joseph's family after his death that Devin Joseph's body was the property of the Riverside County Sheriff's Department and that it would be removed from the hospital where he died to the Riverside County Sheriff Coroner and subjected to an autopsy.

9. Failing to follow the agreement set forth in the Consent Decree of Gray v. County of Riverside, EDCV 13-0444 VAP (Opx).

20. The actions of the defendants in this matter were intentional and malicious, as well as negligent, giving rise to a claim for punitive damages.

III

FIRST CAUSE OF ACTION

VIOLATION OF CIVIL RIGHTS

(42 U.S.C. Sec. 1983)

Plaintiff's Leilani, Zane, Kona and Kohea Joseph and Dayna Jader Delhey

Against County of Riverside and Riverside County Sheriff's Department

Monell Theory of Liability

21. Plaintiffs set forth and allege all previous allegations set forth in all previous paragraphs as fully set forth herein.

22. Plaintiffs are informed and believe and allege that, at all times herein mentioned, each of the individual police defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

Plaintiff's are informed and believe and allege that the County Riverside, through the actions of the Board of Supervisors and the Sheriff's Department maintain a custom, policy and practice of violating the legal rights of inmates in the Riverside County Jail system by failing to properly train, supervise and discipline deputies and jail medical staff regarding the proper medical attention to be given to inmates, by creating and allowing an environment in which deputies are encouraged and allowed to violated their oath to uphold the laws of the State of California and the Constitution of the United States, by creating and allowing an environment in which deputies are encouraged and allowed to violate the laws of the State of California and the

Constitution of the United States, by creating and allowing an environment in which illegal conduct, intentional violation of rights under the Constitution of the United States of America and the State of California are allowed and encouraged. Plaintiffs are informed and believe and based thereupon allege that at all times relevant herein, supervisory personell at the Riverside County Sheriff's department were aware of the Consent Decree of Gray v. County of Riverside, EDCV 13-0444 VAP (Opx) but willfully and maliciously failed to meet their responsibilities under said Consent Decree.

23. At all time relevant herein, supervisory personell at Riverside County Sheriff's Department were aware that said named deputies, as well as others, were submitting false information regarding the medical conditon of Devin Joseph and were illegally conspiring to keep his medical condition outside of the purview of his family, in violation of Devin Joseph's rights under the Eighth Amendment of the United States Constitution without probable cause  Sheriff'sDepartment encouraged the illegal police conduct.

24.     Upon information and belief, the conduct of all individual defendants herein was motivated by evil motive and intent, giving rise to a claim for  punitive damages.

25.     As a proximate result of the custom, policy and practice of the County of Riverside, Devin Joseph suffered cruel and unusual punishment and was killed, and plaintiffs suffered the loss of his support, companionship, financial

contribution as well as the pain and suffering of losing a father and husband under such unimaginable conditions, all in violation of Devin Joseph's rights under the Fourth, Eighth and Fourteenth Amendment to the United States Constitution.

IV

SECOND CAUSE OF ACTION

Plaintiff's Leilani, Zane, Kona and Kohea Joseph and Dayna Jader Delhey

Against all Individual Defendants

Conspiracy to Violate Civil Rights, 42 U.S.C. Section 1983

26. Plaintiffs sets forth and re-allege all previous allegations set forth in all previous paragraphs as fully set forth herein.

27. By engaging in the conduct described in paragraphs 1-26, above, plaintiffs allege that all individual named defendants herein acted in concert and conspired to intentionally subject Devin Joseph to cruel and unusal punishment, battery, intentional infliction of emotional distress, denial of medical attention and death. Defendants conspired to deprive Devin Joseph of adequate medical care, conspired to hide their malicious acts and conspired to cover-up their malicious acts after the death of Devin Joseph.

28. Upon information and belief, the conduct of all individual defendants herein was motivated by evil motive and intent, giving rise to a claim for punitive damages. By acting in concert and engaging in the conduct described above, all individual defendants named herein exhibited reckless and callous indifference to the plaintiffs' rights under the Eighth and Fourteenth Amendments to the U.S. Constitution and the Constitution and laws of the State of California.

V

THIRD CAUSE OF ACTION

Violation of Civil Rights

42 U.S.C. 1983

Plaintiff's Leilani, Zane, Kona and Kohea Joseph and Dayna Jader Delhey

Against all individual Defendants

29. Plaintiffs set forth and re-allege all previous allegations set forth in all previous paragraphs as fully set forth herein.

30. Defendants maliciously and intentionally subjected Devin Joseph to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the Constitution of the United States, including, but not limited to, battery, intentional infliction of emotional distress, denial of medical attention and death.

31. Upon information and belief, the conduct of all individual defendants herein was motivated by evil motive and intent, giving rise to a claim for punitive damages.

32. Defendant's conduct, and each of them, by killing Devin Joseph and denying plaintiffs, their husband and father, proximately caused plaintiffs economic and non-economic damages, according to proof.

VI

FOURTH CAUSE OF ACTION

State Law Claim

## Intentional Infliction of Emotional Distress

## All Plaintiffs

## All Plaintiffs against all individual Defendants

33. Plaintiffs set forth and re-allege all previous allegations set forth in all previous paragraphs as fully set forth herein. Plaintiffs have complied with all applicable statutory requirements regarding timely filing of government claims.

34. The cruel and unusual treatment of Devin Joseph was in violation of his rights under the Eighth and Fourteenth Amendments of the Constitution of the United States. The defendants, and each of them, knew that their conduct would cause plaintiffs emotional distress. Defendants, at all times, owed a duty to plaintiffs to not engage in conduct with would intentionally cause plaintiffs emotional distress.

35. The refusal of the Riverside County Sheriff's Department to properly notify the emergency contact for Devin Joseph, thereby prohibiting his family from providing the adequate medical care to save his life, and then intentionally lying to the family that Devin Joseph's body after his death was the property of the Riverside County Sheriff's Department was meant by defendants, and each of them, to intentionally inflict emotional distress upon plaintiffs, and proximately caused plaintiffs harm.

36. Upon information and belief, the conduct of all individual defendants herein was motivated by evil motive and intent, giving rise to a claim for punitive damages. Defendant's conduct, and each of them, proximately caused plaintiffs emotional distress.

VII

FIFTH CAUSE OF ACTION

Violation of Rights Under California Civil Code Section 52.1

Plaintiffs Leilani, Zane, Kona and Kohea Joseph and Dayna Jader Delher

Against all indvidual Defendants

State Law Claim

Wrongful Death/Negligence

37. Plaintiffs set forth and allege all previous allegations set forth in all previous paragraphs as fully set forth herein.

38. At all times mentioned herein, defendants owed a duty to plaintiff's to not wrongfully kill Devin Joseph. Defendants breached their duty owed to plaintiffs by killing Devin Joseph via lack of adequate medical attention.

39. As a proximate result of defendants' conduct plaintiffs' rights under the laws and Constitution of the State of California were violated and plaintiffs damaged thereby.

VIII

SIXTH CAUSE OF ACTION

State Law Claim

Negligent Infliction of Emotional Distress

All Plaintiffs against all Defendants

40. Plaintiffs set forth and allege all previous allegations set forth in all previous

paragraphs as forth herein.

41. Plaintiffs set forth and re-allege all previous allegations set forth in all previous paragraphs as fully set forth herein. Plaintiffs have complied with all applicable statutory requirements regarding timely filing of government claims.

42. The cruel and unusual treatment of Devin Joseph was in violation of his rights under the Eighth and Fourteenth Amendments of the Constitution of the United States. The defendants, and each of them, knew, or should have known, that their conduct would cause plaintiffs emotional distress. Defendants, at all times, owed a duty to plaintiffs to not engage in conduct which would negligently cause plaintiffs emotional distress.

43. The refusal of the Riverside County Sheriff's Department to properly notify the emergency contact for Devin Joseph, thereby prohibiting his family from providing the adequate medical care to save his life, and then intentionally lying to the family that Devin Joseph's body after his death was the property of the Riverside County Sheriff's negligently inflicted emotional distress upon plaintiffs, and proximately caused plaintiffs harm. All defendants, at all times, knew, or should have known, that their conduct would cause plaintiffs emotional distress and at all times had a duty to plaintiffs to not negligently cause plaintiffs emotional distress.

X

PRAYER FOR DAMAGES

WHEREFORE, plaintiffs prays judgment against defendants as follows:

1. For general damages for severe emotional distress and mental suffering in the sum of $20,000,000 for each Plaintiff.

2. Economic damages according to proof;

3. Attorney's fees;

4.. For punitive and exemplary damages in an amount according to proof;

5. For costs of suit herein incurred; and\|

6. For such other and further relief as the court may deem proper.

DATED: February 15, 2020

Signed by:

/s/

Daniel Callaway, Attorney for Plaintiffs